## W. H. B. OWEN *v.* STATE OF VERMONT.

### *Recognizance.*

A record of a justice of the peace showing a recognizance cannot be contradicted.

PETITION to bring a cause forward and vacate a judgment on the ground of mistake. Heard September Term, 1882, VEAZEY, J., presiding. Petition dismissed. The action against said Owen was debt upon a recognizance in a suit in favor of the State against one Stewart, it being a criminal process signed by a justice of the peace. Said Stewart was fined for selling intoxicating liquor; and the record of the magistrate showed that Owen duly recognized to the amount of $100 for his appearance, on appeal, to the County Court. In the suit against Owen judgment was rendered by default against him for $56.63. He intended to make a defence; and it was by mistake that he did not. The petitioner claimed that he never entered into the recognizance; " that if there is any such record it is wholly fraudulent and void "; and wished to have the judgment vacated that he might make this defence, and no other.

*Redington* and *Butler*, for the petitioner.

The record was fraudulent. Fraud is a proper defence. *State Treas.* v. *Cook*, 6 Vt. 282; *Park* v. *Sumner*, 23 Vt. 538; *Mott* v. *Hazen*, 27 Vt. 204; 53 Vt. 568; Story Eq. s. 160; 40 N. H. 348; 2 Mass. 481; 15 East, 617; 21 Vt. 409; 43 Vt. 91; 9 Vt. 343; 15 Vt. 505.

*John Howe*, for the State.

The record of the justice is conclusive. *Beach* v. *Rich*, 13 Vt. 595; 12 Vt. 538, 657; *Middlebury* v. *Ames*, 7 Vt. 166.

The opinion of the court was delivered by

TAFT, J.   The only question made in this case is whether Owen is at liberty to show that he did not enter into the recognizance before the justice.   The record shows that he did; can he contradict it?   That he cannot, has been too long and uniformly holden to require either discussion or authority.

Judgment dismissing the petition affirmed.